DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Myers Industries, Inc., et al., | CASE NO. 5:13-cv-01278 |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jeffrey L. Young, | |
| Defendant. | |

**BACKGROUND**

Plaintiffs Myers Industries, Inc. ("Myers"), a corporation existing under the laws of Ohio, and Patch Rubber Company ("Patch"), a wholly-owned subsidiary of Myers existing under the laws of North Carolina, filed suit against Defendant Jeffrey Young, a resident of North Carolina, on May 9, 2013. R. 1-1, Page ID #5. Plaintiffs allege Defendant Young "breached the non-disclosure and non-compete provisions" of an agreement entered into between Defendant and Plaintiffs because Defendant was employed by a competing business "within the restricted period" and also took and "fail[ed] to return Plaintiff's Trade Secret and Confidential Information." *Id.* at Page ID #14.

Despite the fact that Defendant Young is a resident of North Carolina and Plaintiff Patch exists under the laws of, and is headquartered in, North Carolina, Young removed the case on June 10, 2013, asserting diversity jurisdiction under 28 U.S.C. § 1332. R. 1. Defendant Young maintains Plaintiff Patch did not have capacity to sue at the time the complaint was filed and

(5:13-cv-01278)

thus was not properly joined in the action.[1] Defendant Young points to Ohio's requirement that a foreign corporation cannot maintain suit in Ohio until it has registered in Ohio. *Id.* at Page ID #1. Thus, Defendant Young argues because Plaintiff Patch was fraudulently joined, this Court has diversity jurisdiction.[2]

Pending before the Court is Plaintiff's motion to remand. R. 8. Defendant opposed the motion and Plaintiff has replied. R. 11, 16. Plaintiffs argue in their motion to remand that fraudulent joinder analysis, though applicable to improperly joined defendants, cannot be applied to plaintiffs. R. 16, Page ID #362. Further, even if this analysis is proper, Plaintiffs argue Patch's registration in Ohio on June 10, 2013 (the same day the case was removed) cured the defect in the complaint (or at least the defect could be cured by the filing of a supplemental complaint). *Id.* at Page ID #366-69. Additionally, Plaintiffs argue Patch is exempt from Ohio's registration requirement because it is a foreign corporation engaged in Ohio solely in interstate commerce. *Id.* at Page ID #369-371. Defendant maintains that Patch was fraudulently joined, Patch cannot cure the defect in the complaint, Patch does not do business in Ohio solely in the course of interstate commerce, and that Patch should accordingly be dismissed as a party. *See* R. 11. For the reasons that follow, Plaintiffs' motion to remand (R. 8) is hereby **GRANTED**.

---

[1] Defendant filed a motion to dismiss Patch as a party shortly after notice of removal was filed. R. 5.

[2] Defendant notes the distinction between fraudulent joinder and fraudulent misjoinder. The former "addresses the viability of claims against a defendant," whereas the latter "addresses the joinder of [unrelated] claims rather than their viability." *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869 (N. D. Ohio 2008); *see also Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 594-99 (E.D. Ky. 2011). Defendant insists his arguments rest only on fraudulent joinder. *See* R. 11, Page ID #282.

(5:13-cv-01278)

## APPLICABLE LAW

District courts have original jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000" and where the controversy is between "citizens of different States." 28 U.S.C. § 1332. This requires "complete" diversity of citizenship, meaning no plaintiff resides in the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Pursuant to 28 U.S.C. § 1441, defendants may remove an action (filed by a plaintiff in state court) on the basis of diversity so long as there is complete diversity between all parties. *Id.*

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation and internal quotes omitted). "A party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citation omitted).

Fraudulent joinder exists "when the non-removing party joins a party against whom there is no colorable cause of action." *Id.* (citation and internal quotes omitted).

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Id.* (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). The crux of the inquiry is whether there exists "any reasonable basis for predicting that [the plaintiff] could prevail." *Walker*, 443 F. App'x at 951 (citation and internal quotes omitted). All

3

(5:13-cv-01278)

factual and legal "doubts as to the propriety of removal are resolved in favor of remand." *Id.* at 952 (citation omitted).

The fraudulent joinder argument normally made by a defendant in support of removal is that plaintiff fraudulently joined a non-diverse *defendant* to defeat diversity jurisdiction. In this case, Defendant argues that Patch, a *plaintiff*, was fraudulently joined by Plaintiffs to defeat diversity jurisdiction. There is a split of authority among district courts over whether or not fraudulent joinder analysis can be applied to plaintiffs. Some district courts within the Sixth Circuit have applied the doctrine to exclude non-diverse plaintiffs for the purpose of establishing diversity jurisdiction. *See Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010) (holding fraudulent joinder can be applied to plaintiffs because "[t]here is no significant difference between fraudulent joinder of plaintiffs and fraudulent joinder of defendants"); *see also Eberspaecher N. Am. Inc. v. Van-Rob, Inc.*, 2007 U.S. Dist. LEXIS 59627, 2007 WL 2332470, at * 4 (E.D. Mich. Aug. 15, 2007) (holding "a defendant may rely upon the fraudulent joinder doctrine to challenge joinder of nondiverse plaintiffs"). However, district courts from other circuits have reached the opposite conclusion. *See Reeves v. Pfizer, Inc.*, 880 F. Supp. 2d 926, 929 (S.D. Ill. 2012); *see also Johnston Indus. Inc., v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1312 (M.D. Ala. 1999). There is no controlling Sixth Circuit precedent on this issue

## ANALYSIS

Plaintiffs argue in their motion to remand that this case must be remanded for lack of complete diversity because (1) fraudulent joinder analysis, though applicable to improperly joined defendants, should not be applied to ignore Patch as a party for purposes of determining

(5:13-cv-01278)

diversity jurisdiction; (2) even if this analysis is proper, Plaintiffs Patch's registration on June 10, 2013 cured the defect in the complaint (or at least the defect could be cured by the filing of a supplemental complaint); (3) Plaintiffs Patch is exempt from Ohio's registration requirement because it is a corporation engaged in Ohio solely in interstate commerce; and (4) Defendant Young waived his right to remove the case.[3] *See* R. 8, 16. Defendant responds that removal was proper because (1) Patch was fraudulently joined in that it does not have capacity to sue under Ohio law; (2) Patch cannot cure the defect in the complaint; (3) Patch does not do business in Ohio solely in the course of interstate commerce and thus is not exempt from the registration requirement; and (4) Defendant has not waived his right to remove the case. *See* R. 11.

This Court will not now address the various state law issues raised by the parties. The threshold issue before the Court is whether fraudulent joinder analysis is applicable to plaintiffs. This question goes to the very power of this Court to consider the claims before it.

There is conflicting authority as to whether fraudulent joinder can be applied to a non-diverse plaintiff to defeat diversity jurisdiction. *See Prudential Ins. Co. of Am. v. Barclays Bank PLC*, 2013 WL 221995, at * 10 n. 13 (D. N.J. January 22, 2013) (noting "[t]here is some question as to whether [courts] should even consider" a fraudulent joinder of plaintiff argument).There is no Sixth Circuit precedent on this issue. *See Taco Bell*, 727 F. Supp. 2d at 607 (noting "[t]he Sixth Circuit has never affirmatively addressed" the issue of "whether the fraudulent joinder doctrine can ever apply to the joinder of plaintiffs"). Although some district

---

[3] Plaintiffs also make a request for attorney fees because "the removing party lacked an objectively reasonable basis for seeking removal." R. 8-1, Page ID #159 (citation and internal quotes omitted).

5

(5:13-cv-01278)

courts within this Circuit have concluded fraudulent joinder applies to plaintiffs, these decisions are not binding on this Court and are only persuasive authority. *See id.*; *see also Eberspaecher*, 2007 U.S. Dist. LEXIS 59627, 2007 WL 2332470, at * 4. Further, there is persuasive authority in other district courts which concludes fraudulent joinder doctrine is not applicable to plaintiffs. *See Reeves*, 880 F. Supp. 2d at 929; *see also Johnston*, 45 F. Supp. 2d at 1312. Since the Court finds this issue is one over which reasonable minds could differ, the Court cannot predict how the Sixth Circuit would resolve this question.

As such, the Court finds there is a legal ambiguity with regards to whether fraudulent joinder analysis can be applied to Plaintiff Patch at all.[4] *See Reeves*, 880 F. Supp. 2d at 929 ("Without contrary direction from the Seventh Circuit, this Court finds that extending the doctrine of fraudulent joinder to joinder of plaintiffs would be . . . a massive increase to this Court's jurisdiction."). Because the Court cannot conclude with complete certainty that the Sixth Circuit would hold fraudulent joinder analysis applies to plaintiffs, and "[a]ll doubts as to the propriety of removal" must be resolved "in favor of remand," the Court is bound to refuse to apply fraudulent joinder analysis to Plaintiff Patch. *Walker*, 443 F. App'x at 952 (citation omitted).

"Instead of requiring federal courts to venture their best guess at whether a state-law claim is colorable, it makes much more sense to leave the decision to the state courts, who are experts on questions of state law." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F.

---

[4] In light of this ambiguity, the Court cannot say there was no "objectively reasonable basis for seeking removal," and as such Plaintiffs' request for attorney fees in this matter is denied. *See Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010).

(5:13-cv-01278)

Supp. 2d 590, 596 (E.D. Ky. 2011); *see also Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008) ("Instead, the better course of action is for the state court to rule on the propriety of joinder under the state's joinder law in the first instance."). "If a claim against a non-diverse defendant is truly frivolous, surely the state court would grant a motion to dismiss the claim in relatively short order." *Murriel-Don*, 790 F. Supp. 2d at 596. As noted by learned commentary, "[i]n many situations, confusion could be reduced if removing parties would challenge fraudulent joinders and misjoinders in state court, before defendants file a removal notice." 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed.) (quoted by *Muriel-Don*, 790 F. Supp. 2d at 596).[5]

## CONCLUSION

Because the Court finds there is legal uncertainty with regards to whether fraudulent joinder can be applied to Plaintiff Patch, and the Court is bound to resolve all doubts about the propriety of removal in favor of remand, Plaintiffs' motion to remand is hereby **GRANTED**. However, the Court does not conclude Defendant's removal was without an objectively reasonable basis. Accordingly, Plaintiffs' request for attorney fees and costs is **DENIED**.

---

[5] *Murriel-Don* analyzes the applicability of both fraudulent joinder and fraudulent misjoinder. It recognizes that fraudulent joinder applies to defendants, but refuses to apply the newer doctrine of fraudulent misjoinder, even to defendants. *Murriel-Don*, 790 F. Supp. 2d at 599.

(5:13-cv-01278)

The Clerk is ordered to remand this case to the Summit County Court of Common Pleas. The Court will separately publish a Judgment Entry remanding this case to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| August 16, 2013 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |